# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* X.W.

No. 19-1154 (Harrison County 18-JA-146-1)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.S., by counsel Jenna L. Robey, appeals the Circuit Court of Harrison County's November 12, 2019, order terminating her parental and custodial rights to X.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Allison S. McClure, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period, in terminating her parental and custodial rights, and in denying her post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition in December of 2018, petitioner stipulated to allegations that newborn X.W. tested positive for illicit substances at birth and that her parental rights to two other children were terminated in 2006 and 2015 due to her unmitigated substance abuse. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent in February of 2019. Later that month, petitioner moved for a post-adjudicatory improvement period, which the circuit court granted. However, in March of 2019, petitioner was incarcerated as a result of pending criminal charges in Kanawha County, West Virginia, and remained incarcerated throughout the proceedings.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

At the final dispositional hearing in October of 2019, petitioner moved for a post-dispositional improvement period and presented evidence that she was currently participating in the residential substance abuse treatment ("RSAT") program at the Lakin Correctional Center, where she was housed. The DHHR objected to petitioner's motion, arguing that the RSAT program would take six to eleven months to complete and would delay permanency for the child. The DHHR further noted that petitioner's next parole hearing was scheduled for January of 2020 and her projected release date was January of 2024. The DHHR moved to terminate petitioner's parental rights and presented evidence that petitioner's first child suffered "severe burns that required plastic surgery, and [petitioner] did not provide an explanation consistent with the injury" and that those injuries led to the termination of petitioner's parental rights. Further, petitioner's parental rights to her second child were terminated due to her substance abuse. Following the presentation of evidence, the circuit court found that petitioner "tested positive" for controlled substances during the proceedings and that her "long-standing substance abuse problem has yet to be corrected." Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the child. The circuit court terminated petitioner's parental and custodial rights by its November 12, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. She asserts that she demonstrated a willingness to fully participate in an improvement period due to her pursuit of substance abuse treatment while incarcerated. Further, petitioner argues that these actions and her requests for substance abuse treatment constitute a substantial change in circumstances. We disagree.

---

[2]According to the parties, X.W. achieved permanency in his father's custody, following his father's completion of recommended services.

2

West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, since petitioner was previously granted an improvement period during the proceeding, she was required to "demonstrate[] that since the initial improvement period, [she] ha[d] experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [she] [was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "[I]f a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, the circuit court did not abuse its discretion in denying petitioner's motion for a post-dispositional improvement period because petitioner failed to show that she experienced a change in circumstances that rendered her likely to fully participate in an improvement period. At the time petitioner was granted her first improvement period, she was free from incarceration and briefly participated in services. Although petitioner acknowledged her substance abuse and requested treatment at the adjudicatory hearing, she tested positive for controlled substances prior to her incarceration. Thus, petitioner's argument on appeal that she acknowledged her substance abuse after incarceration is unpersuasive. Petitioner's incarceration constituted a substantial change in circumstances that diminished her ability to substantially comply with an improvement period because she could no longer participate in the DHHR's recommended services. The conditions of abuse and neglect that gave rise to petitioner's prior terminations of her parental rights continued to persist, despite an opportunity for her to participate in services. Accordingly, we find the circuit court did not err in denying petitioner's motion for an improvement period.

Petitioner further argues that the circuit court erred in terminating her parental and custodial rights rather than imposing a less-restrictive dispositional alternative, such as permanent legal guardianship. However, petitioner fails to consider the effect that the prior terminations of her parental rights to her other children had on the disposition in this case, especially considering the serious physical injury that her first child suffered. Upon considering petitioner's prior terminations of her parental rights, we find that she is entitled to no relief.

We have acknowledged that "the legislature has reduced the minimum threshold of evidence necessary for termination [of parental rights] where one of the factors outlined in [W. Va. Code § 49-4-605] is present," such as the termination of parental rights to the sibling of a child named in the petition. Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). Further, "if such prior involuntary termination(s) involved neglect or non-aggravated abuse, the parent(s) may meet the statutory standard for receiving an improvement period with appropriate conditions." *Id.* at 437, 518 S.E.2d at 865, syl. pt. 5, in part. "Where there was aggravated abuse, however, such as the murder or serious injury of a sibling, the court may be justified in ordering termination without the use of intervening less restrictive alternatives." *Id.* at 443, 518 S.E.2d at 871. Here, we find that the circuit court was justified in terminating petitioner's parental rights to X.W. without the use of less-restrictive dispositional alternatives due to the serious and unexplained injury sustained by her first child. As found by the circuit court, this child sustained "severe burns that required plastic surgery, and [petitioner] did not provide an

3

explanation consistent with the injury." These injuries constitute aggravated abuse and warrant the termination of petitioner's parental and custodial rights.

Moreover, West Virginia Code § 49-4-604(b)(6) (2019)[3] provides that a circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. A court may find that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent . . . ha[s] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

W. Va. Code § 49-4-604(c)(1) (2019). Here, petitioner demonstrated a "long-standing substance abuse problem" that persisted from 2006 through the filing of the instant petition. Even though petitioner was offered services in this case, she tested positive for controlled substances. Additionally, the length of petitioner's incarceration was uncertain, ranging from just after the child's first birthday to the child's sixth birthday in 2024. We have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Given petitioner's continued drug abuse and the very young age of X.W., the circuit court did not abuse its discretion in concluding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. To the extent petitioner argues that she should have been granted a less-restrictive dispositional alternative, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Upon our review, the circuit court's findings are supported by the record, and we find that it did not abuse its discretion in terminating petitioner's parental and custodial rights rather than imposing a less-restrictive dispositional alternative.

Finally, petitioner argues that the circuit court erred in denying her motion for post-termination visitation with the child because the decision regarding contact should have been left to the child's father. Petitioner asserts that no harm or delay in permanency would have occurred from the visitation. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Petitioner's argument ignores many of the above-mentioned factors, such as whether visitation would be in the best interest of the child. The circuit court found that post-termination visitation was inappropriate "given the lack of bond between mother and child and [petitioner's] child protective services history" and concluded that post-termination contact would, therefore, not be in the best interest of the child. We find no error in the circuit court's finding of fact in this regard. Petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison